ELECTRONIC

**Nov. 24, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

William Johnson and Suzanne Johnson,

Plaintiffs,

vs.

Avient Ltd., Avient Aviation Private Ltd.,
and The Boeing Company,

Defendants.

Court File No.: _____
**10-62294-Civ-COHN/SELTZER**

**COMPLAINT**

PLAINTIFFS, FOR THEIR CAUSES OF ACTION AGAINST THE DEFENDANTS HEREIN, ALLEGE AND STATE AS FOLLOWS:

1.     Jurisdiction of this Court exists pursuant to 28 U.S.C. § 1332 in that the matter in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest, costs and disbursements and that the controversy is between citizens of the State of Minnesota and citizens of other states and foreign countries.

2.     Plaintiff William Johnson is and at all relevant times was a citizen of the State of Minnesota.

3.     Plaintiff Suzanne Johnson is and at all relevant times was a citizen of the State of Minnesota, and at all relevant times has been the lawful spouse of plaintiff William Johnson.

4.     At all times material hereto, defendants Avient Ltd. and Avient Aviation Private Ltd. (hereafter "Avient") were business entities licensed under the laws of

1

Zimbabwe and/or the United Kingdom with their principal places of business in England, and engaged in the business of providing air cargo transportation to customers around the world, including in the United States and the State of Minnesota.

5.      At all times material hereto, defendant The Boeing Company (hereafter "Boeing") was a corporation licensed under the laws of the State of Delaware with its principal place of business in the State of Illinois, and engaged in the business of manufacturing passenger and cargo aircraft for use around the world, including in the United States and the State of Florida.

6.      Prior to November, 2009, through an acquisition and merger, Boeing assumed the assets and liabilities of the McDonnell Douglas Corporation, an aircraft manufacturer which manufactured, among other products, a series of aircraft labeled with the designation "MD-11."

7.      In or about September, 2009, Avient employed plaintiff William Johnson to act on its behalf from his Minnesota home in order to facilitate Avient's transition from its existing fleet of McDonnell Douglas DC-10 cargo aircraft to more modern McDonnell Douglas MD-11 aircraft.

8.      Among the functions that William Johnson was to perform for Avient was the preparation and production of aircraft operating manuals and checklists, the creation of a flight training program to be conducted at the Delta Training Center in Atlanta, Georgia, the recruiting, training and testing of pilots, and the contracting with the vendors and other entities needed to accomplish these tasks.

2

9.     On or about November 18, 2009, the Avient defendants leased a McDonnell Douglas MD-11 aircraft, serial No. 48408, F.A.A. Registration Number N408SH (hereafter "the aircraft"), from Pegasus Aviation II, Inc., a corporation with its principal place of business in California.

10.     The aircraft was delivered to Avient representatives in Miami, Florida after Avient contracted for and supervised its renovation and repair by Commerical Jet, a repair facility located on the premises of Miami International Airport.

11.     On November 28, 2009, plaintiff William Johnson was on board the aircraft for its flight from the Shanghai-Pudong International Airport in China to Bishkek-Manas International Airport in Kyrgyzstan.

12.     At the conclusion of its takeoff roll in Shanghai, and less than two weeks after its delivery to Avient, the aircraft failed to become airborne and crashed and burned at the end of the runway, killing the three members of the flight crew and injuring four passengers, including plaintiff William Johnson.

13.     The crash was proximately caused by the negligent acts and omissions of the flight crew of the aircraft, in that they failed to operate the controls of the aircraft properly during the takeoff roll, failed to monitor the aircraft's speed during the takeoff roll, failed to abort the takeoff, and were otherwise negligent.

14.     The crash was also proximately caused by defendant Boeing's negligent and defective design and manufacture of the aircraft and associated parts, manuals, and checklists, and Boeing's breaches of warranties and failures to warn, in that Boeing, through its predecessors, negligently designed the flight control systems, airframe,

3

manuals and other systems of the MD-11 series of aircraft, and failed to warn aircraft operators of the dangers of the aircraft.

15.     As a direct result of the aforementioned negligence and other culpable conduct, plaintiff William Johnson suffered serious and permanent physical injuries, including but not limited to crushed thoracic vertebrae at T-3 and T-5, a burst thoracic vertebrae at T-4, two broken clavicles, a broken sternum, 5 broken ribs, broken nasal bones, collapsed lungs, injuries to his right eye, a large contusion on his right hip, injuries to his left knee and left shoulder, and severe lacerations on his head, face, and other areas of his body.

16.     As a direct and proximate result of the aforementioned physical injuries, plaintiff William Johnson suffered and will in the future suffer pain, discomfort and disability, and lost earning capacity, and has been and will in the future be caused to expend sums of money for general medical care and treatment.

17.     As a result thereof, plaintiffs each have been damaged in an amount in excess of Seventy-Five Thousand ($75,000) Dollars.

## COUNT I – NEGLIGENCE AGAINST AVIENT

18.     Plaintiff William Johnson incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

19.     At all times material hereto, Defendant Avient owed Plaintiff William Johnson a duty to exercise reasonable care in the operation of the aircraft.

20.     Defendant Avient breached the aforementioned duties to exercise reasonable and due care.

4

21.     Avient, by and through its employees, agents, servants, and representatives, was careless, negligent, grossly negligent, and reckless in its operation of the aircraft.

22.     As a direct and proximate result of the conduct of Avient as aforesaid, Plaintiff William Johnson has suffered and continues to suffer serious and permanent physical and emotional injuries, has expended and will continue to expend large sums of money for medical care and treatment, has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.

### COUNT II – NEGLIGENCE AGAINST BOEING

23.     Plaintiff William Johnson incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

24.     At all times material hereto, Defendant Boeing owed Plaintiff William Johnson a duty to exercise reasonable care in the design, manufacture, assembly, inspection, testing, distribution, sale, preparation and dissemination of warnings and instructions for operation and maintenance of the aircraft, including its respective component systems and parts. Defendant Boeing further owed Plaintiff a duty to use reasonable care in the preparation and dissemination of training materials and manuals regarding the operation of the aircraft, including post-sale manuals and warnings.

25.     Defendant Boeing breached the aforementioned duties to exercise reasonable and due care.

5

26.     Boeing, by and through its employees, agents, servants, and representatives, was careless, negligent, grossly negligent, and reckless in its design and manufacture of the aircraft and its component parts, including pre and post-sale materials, manuals and warnings.

27.     As a direct and proximate result of the conduct of Boeing as aforesaid, Plaintiff William Johnson has suffered and continues to suffer serious and permanent physical and emotional injuries, has expended and will continue to expend large sums of money for medical care and treatment, has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.

### COUNT III - BREACH OF IMPLIED WARRANTIES AGAINST BOEING

28.     Plaintiff William Johnson incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

29.     Defendant Boeing breached the implied warranty of merchantability in that the MD-11 aircraft was not reasonably fit for the use for which it was sold, intended, or reasonably foreseen, and was defective.

30.     Defendant Boeing has also breached the implied warranty of fitness for a particular purpose. The MD-11 aircraft was not reasonably fit for the specific purpose for which Boeing knowingly sold it.

31.     By the conduct alleged, Boeing Boeing impliedly warranted to Plaintiff and others that the aircraft was merchantable and fit for the purpose intended. These warranties were breached and Plaintiff was injured.

6

32.     As a direct and proximate result of the conduct of Boeing as aforesaid, Plaintiff William Johnson has suffered and continues to suffer serious and permanent physical and emotional injuries, has expended and will continue to expend large sums of money for medical care and treatment, has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.

### COUNT IV - STRICT LIABILITY AGAINST BOEING

33.     Plaintiff William Johnson incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

34.     The aircraft was (1) in a defective condition and unreasonably dangerous for its intended use; (2) the defect existed when the aircraft left Boeing's control and (3) the defect was the proximate cause of the injuries sustained by Plaintiff William Johnson.

35.     Boeing' aircraft was, at all times material hereto, defective in manufacture and unreasonably dangerous. Boeing could have prevented the Plaintiff's injury.

36.     Boeing also failed to adequately warn aircraft operators of the serious risks of accidents caused by Boeing's defective design of the MD-11 aircraft.

37.     As a direct and proximate result of the conduct of Boeing as aforesaid, Plaintiff William Johnson has suffered and continues to suffer serious and permanent physical and emotional injuries, has expended and will continue to expend large sums of money for medical care and treatment, has suffered and will continue to suffer

7

economic loss, and has otherwise been physically, emotionally and economically injured.

### COUNT V – LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

38.    Plaintiff Suzanne Johnson incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

39.    As a further direct result of Defendants' breaches of duties as described and alleged above, Plaintiff Suzanne Johnson has lost, and will in the future lose, her husband's companionship, aid, comfort, society, services, protection and consortium, all to her damage in an amount far greater than $75,000.

WHEREFORE, plaintiffs William and Suzanne Johnson each pray for judgment against the defendants herein, individually, jointly and severally, for compensatory damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper, in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

DATED:  November 24, 2010

By: _____
       Jonathan R. Gdanski
       Florida Bar No. 32097
       SCHLESINGER LAW OFFICE, P.A.
       Co-Counsel for Plaintiffs
       1212 Southeast Third Avenue
       Fort Lauderdale, FL 33316
       (954) 320-9507

       BRENT & FIOL, LLP
       By:  David L. Fiol (California SBN 203546)
       802 B Street
       San Rafael, CA  94901
       (415) 259-4420

8

(Application for admission pro hac vice to be submitted)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all the issues of fact.

DATED: November 24, 2010

By: _____

Jonathan R. Gdanski
Florida Bar No. 32097
SCHLESINGER LAW OFFICE, P.A.
Co-Counsel for Plaintiffs
1212 Southeast Third Avenue
Fort Lauderdale, FL 33316
(954) 320-9507

BRENT & FIOL, LLP
By: David L. Fiol (California SBN 203546)
802 B Street
San Rafael, CA 94901
(415) 259-4420
(Application for admission pro hac vice to be submitted)

9